# EXHIBIT A

Plaintiff's ADRPA/APM Chart

**PLAINTIFF'S ADRPA/APM CHART**

| Rule/Procedure | ADRPA | APM | Federal rule or procedure |
|---|---|---|---|
| **1. Initiation of arbitration** | Employee must first meet with Vice President of Human Resources or designated representative ("HR"), initiated by "making a written request to the vice president for human resources. This request should provide a brief statement of the dispute and the underlying facts." ADRPA at 34.<br><br>There is no requirement in the ADRPA that a Request for Arbitration form be used. | "A party who desires to submit a legal claim to arbitration must submit a completed Request for Arbitration to the College's Vice President of Human Resources. A copy of the Request for Arbitration form is attached to these Procedures. Copies of the Request for Arbitration form may also be obtained from the Human Resources department. On the Request for Arbitration form, the party requesting arbitration must identify the legal claims to be arbitrated, the facts the party contends support such legal claims, and the relief being sought." APM at § I(A).<br><br>If the employee files a lawsuit, HR will notify the party of the ADRPA and "upon request, send the party or the party's attorney a Request for Arbitration form and arbitration will be commenced as set forth above." APM at § II. | Not applicable. |
| **2. Internal review** | "The human resources department will conduct a review of the matter and, to the extent necessary, conduct meetings between the employee and the appropriate SCAD representative(s) to informally resolve any differences. Employees must participate and cooperate with | No internal review contemplated. After receiving the Request for Arbitration form, the process moves into the selection of arbitrators. APM at §§ I and III(A)(1). | Not applicable. |

| | | | |
|---|---|---|---|
| | this internal review process prior to proceeding to the next stage of the process. The internal review process will conclude with the issuance of a letter from the vice president for human resources to the employee indicating that the internal review process has been completed." ADRPA at 34-35.<br><br>"At its option, SCAD may elect to bypass one or more steps prior to arbitration for Disputes with the employee." ADRPA at 35 | | |
| 3. **Mediation** | "If the internal review does not resolve the Dispute, then the Dispute may, at the election of either the Employee or SCAD within the time herein provided, be referred to a mutually agreed upon mediator. The cost of the mediator shall be borne by SCAD. If the matter is not resolved through mediation, the agreed upon mediator shall issue to all parties a letter indicating that the mediation process has been completed and that an impasse was reached." ADRPA at 35.<br><br>"At its option, SCAD may elect to bypass one or more steps prior to arbitration for Disputes with the employee." ADRPA at 35 | No mediation contemplated. After HR receives the Request for Arbitration form, the process moves into the selection of arbitrators. APM at §§ I and III(A)(1). | Not applicable |

| | | | |
|---|---|---|---|
| **4. Selection of arbitrator** | Only after an impasse in mediation may a party submit the dispute to arbitration does the process move into selection of an arbitrator "within the time period herein provided." *Id.* However, the ADRPA does not define what "the time period herein provided."<br><br>"The parties will mutually agree on an arbitrator, who *must* be a retired federal judge unless a retired federal judge is not available to hear the dispute in a timely manner. The selected arbitrator must have a minimum of 5 years [*sic*] experience in the substantive practice area of the Dispute or in arbitrating similar types of Disputes." ADRPA at 35 (emphasis added). | No mediation contemplated. After HR receives the Request for Arbitration form, the process moves into the selection of arbitrators. APM at §§ I and III(A)(1).<br><br>Parties submit a list of four proposed arbitrators each "with a minimum of five (5) years of previous experience or background in the subject matter of the arbitration. In addition, the parties agree the proposed *mediators* shall include as many retired federal judges as possible who are available to hear the dispute in a timely manner." APM at §III(A)(1) (emphasis added). | Not applicable |
| **5. Location of arbitration** | "At the sole election of SCAD, any mediations or arbitrations conducted pursuant to this ADRPA shall be held in Savannah, Georgia, Atlanta, Georgia, or the location where the employee lives or works. If SCAD elects to conduct a mediation or arbitration in a location other than the city where the employee lives or works, the employee will be reimbursed for reasonable and necessary travel expenses incurred for travel to the | "The time and place for the arbitration hearing shall be determined by the mutual agreement of the parties. If the parties cannot agree, then the Arbitrator shall consult with the parties and determine a time and place for the hearing." APM at IX(B).<br><br>This provision contradicts the ADRPA. | |

| | | | |
|---|---|---|---|
| | mediation or arbitration…" ADRPA at 35.<br><br>The ADRPA does not discuss reimbursing travel expenses for counsel or witnesses. | | |
| **6.**<br>**Objections to "Final Determination"** | "SCAD and the employee shall each have thirty (30) calendar days from the end of each step in this ADRPA process to notify the other that they are not satisfied with the resolution at that stage of the ADRPA and wish to proceed to the next stage of the process. A failure to notify the other party, in writing, within thirty (30) days of the Final Determination of the internal review, mediation or arbitration shall be deemed a waiver of any right to continue the ADRPA process with respect to the Dispute at issue and shall be deemed a final conclusion and resolution of the Dispute." ADRPA at 35.<br><br>Though this section provides that a party may indicate it is "not satisfied" with a Final Determination in arbitration, there is no stated process set forth in the ADRPA governing review of an arbitrator's Final Determination.<br><br>Further, only the employee—not SCAD—waives the right to continue | "A. The awards and orders of the Arbitrator shall be final and binding unless, within thirty (30) days of service of the Arbitrator's final award, a party serves notice to the other parties of the arbitration of the intent to appeal the Arbitrator's awards and orders to a second Arbitrator. The second Arbitrator shall be selected in the same manner as the initial Arbitrator.<br>B. The second Arbitrator shall decide the appeal proceeding as far as practicable according to the law and procedures applicable to appellate review by a United States Court of Appeals of a civil judgment following a nonjury decision by a judge.<br>C. The result of the appeal and any further proceedings pursuant to the appeal shall then constitute the final Award, which may be enforced, vacated or modified by a court as provided by law.<br>D. The costs and expenses of the second Arbitrator shall be apportioned among all parties | With or without a motion, the court may extend deadlines for good cause shown. Fed. R. Civ. P. 6(b). |

| | | | |
|---|---|---|---|
| | the ADRPA process by failing to notify the other party in writing within 30 days because SCAD may elect to bypass this process.  ADRPA at 35. | according to the number and breadth of the issues being appealed by each party. The second Arbitrator shall make this determination." APM at § XI.<br><br>The 30-day requirements set forth in the ADRPA and the APM can only be extended by agreement of the parties; not by motion to the arbitrator.  APM at § XVII (however, under the ADRPA, SCAD my unilaterally bypass any step in this process). | |
| **7. Attorneys'/expert fees; costs of arbitration** | "Attorney's fees, expert witness fees, and costs *shall be paid* by the respective parties unless the arbitrator awards otherwise. In making his/her award, the arbitrator *shall require* the non-prevailing party to bear the cost of the arbitrator's fees, provided however, that SCAD will advance the cost of the arbitrator's fees at the initiation of the arbitration, subject to reimbursement by the employee following arbitration if the employee does not prevail." ADRPA at 35 (emphasis added) | "Any party entitled to an award of reasonable attorney's fees and/or costs under the law governing the claim being arbitrated is entitled to such costs and/or fees upon a proper showing under the legal standards applied to award of such costs or fees." APM at § XII(B).<br><br>"The non-prevailing party shall bear pay the Arbitrator's fees. In making his/her award, the Arbitrator shall require the non-prevailing party to bear the cost of the Arbitrator's fees, provided however, that the College will advance the cost of the Arbitrator's fees at the initiation of the arbitration, subject to reimbursement by the | |

| | | | |
|---|---|---|---|
| | | nonprevailing party following arbitration." APM at § XII(A). | |
| 8. **Determination of arbitrability** | "[T]he arbitrator shall have the authority to determine whether, and to what extent, this ADRPA applies to a Dispute between SCAD and an employee." ADRPA at 35.<br><br>*But see*<br><br>"*For Disputes involving non-competition, nonsolicitation, fiduciary or confidentiality obligations, as well as Disputes involving trade secrets, trademarks or intellectual property*, the employee or SCAD may, without inconsistency with the ADRPA, petition any court of competent jurisdiction and seek interim, injunctive or other equitable relief until the arbitrator award is rendered or the Dispute otherwise resolved, provided that the employee may not *petition any court concerning the enforceability of this ADRPA* and the arbitrator shall have the *sole* authority to determine whether, and to what extent, this ADRPA applies to a Dispute between SCAD and an employee." ADRPA at 35-36 (emphasis added). | "The Arbitrator shall have the authority to determine whether, and to what extent, the Alternative Dispute Resolution Policy and Agreement applies to a dispute between the College and an employee."  APM at IV(G) | |

| | | | |
|---|---|---|---|
| 9.<br>**Rules of Pleading** | "The parties agree that the arbitration shall be conducted in accordance with and subject to, the rules and procedures set forth in the Arbitration Procedures." ADRPA at 35.[1] | No rule of pleading described that is applicable to the employee (the complaining party).<br><br>"The Answer will specify all defenses that are required to be pled by the Federal Rules of Civil Procedure and will either admit or deny the factual allegations of the Request for Arbitration. The Answer also may set forth any related Counterclaims the Responding Party may have against the Complaining Party and may initiate a third-party notice to arbitrate against any other person or organization which has agreed to arbitrate such matters." APM at § VI(B).<br><br>Answer due "by the deadline set by mutual agreement of the parties. If the parties cannot agree on a deadline, then the Arbitrator shall set the deadline for serving an answer." APM at VI(A). | Plaintiff: short/plain statement of grounds for jurisdiction, of the claim showing entitlement to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a).[2]<br><br>Defendant: state in short/plain defenses to claims; admit/deny allegations asserted against it fairly responding to the substance of the allegation. Fed. R. Civ. P. 8(b).<br><br>Answer or responsive pleading due within 21 days of service or within 60 days after request for waiver of service sent. Fed. R. Civ. P. 12(a)(1)(A). |

---

[1]  The ADRPA also provides that "The following rules and procedures shall apply to and be followed in the arbitration phase of the ADRPA: statutes of limitations and standing requirements applicable to the substantive claim, all rules of pleading, all rights to discovery, all rules of evidence, and all rights to resolution of the dispute by means of motions for summary judgment and judgment on the pleadings. To the extent that there exists a choice between federal or state rules and procedures as identified above, federal rules and procedures shall apply." ADRPA at 35.  However, this provision does not make syntactical sense.

[2]  Plaintiff currently does not bring claims requiring pleading with particularity as set forth in Fed. R. Civ. P. 9.

PLAINTIFF'S ADRPA/APM CHART

| | | | |
|---|---|---|---|
| **10. Amending pleadings** | "The parties agree that the arbitration shall be conducted in accordance with and subject to, the rules and procedures set forth in the Arbitration Procedures."  ADRPA at 35.  *See also* n.1, *supra*. | No provision allowing for amendment of the Request for Arbitration, but amending the Answer is specifically addressed and permitted: "Upon motion, leave to amend Answers should be freely given when justice requires."  APM at VI(D). | Before trial, amendment of pleadings (*e.g.,* Complaint) allowed once as a matter of course within the earlier of 21 days or service original pleading/responsive pleading/or R. 12(b), (e), or (f) motion.  Otherwise, leave to amend "should be freely given or when justice so requires."  Fed. R. Civ. P. 15(a). |
| **11(a). Discovery, generally** | "The parties agree that the arbitration shall be conducted in accordance with and subject to, the rules and procedures set forth in the Arbitration Procedures."  ADRPA at 35.  *See also* n.1, *supra*. | "Except as otherwise provided by these Procedures, discovery and depositions shall be conducted in accordance with Rules 26 through 37 of the Federal Rules of Civil Procedure."  APM at § VII(A)(1). | |
| **11(b). Discovery, subpoenas** | "The parties agree that the arbitration shall be conducted in accordance with and subject to, the rules and procedures set forth in the Arbitration Procedures."  ADRPA at 35.  *See also* n.1, *supra*. | "Nothing in the Alternative Dispute Resolution Policy and Agreement claims or these Procedures shall prohibit or limit a party from petitioning a court of competent jurisdiction to compel a nonparty to respond to discovery requests or to appear for a deposition, in the event that the Arbitrator is unable to compel the non-party to do so." APM at § VII(B)(7). | Governed by Fed. R. Civ. P. 45.<br><br>However, the Federal Arbitration Act "does not permit pre-hearing depositions and discovery from non-parties." *Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1160 (11th Cir. 2019). |
| **11(c). Discovery, interference with witness cooperation with discovery demands** | "The parties agree that the arbitration shall be conducted in accordance with and subject to, the rules and procedures set forth in the Arbitration Procedures."  ADRPA at 35.  *See also* n.1, *supra*. | "A party who identifies a witness during discovery must request the witness to cooperate by appearing for a deposition and producing documents, if such discovery is demanded by a party or by the | |

| | | | |
|---|---|---|---|
| | | arbitrator. If a party does not make such a request or *if a party takes any action to discourage a witness from cooperating with discovery demands, the Arbitrator shall preclude the party from calling the witness at the arbitration hearing*, unless the party can demonstrate to the Arbitrator a substantial justification for the party's actions." APM at § VII(B)(6) (emphasis added).<br><br>There is no provision imposing any sanction on a party discouraging an *opposing party's* witness from cooperating with discovery. | |
| **11(d).**<br>**Discovery, Mandatory Release of Records** | "The parties agree that the arbitration shall be conducted in accordance with and subject to, the rules and procedures set forth in the Arbitration Procedures."  ADRPA at 35.  *See also* n.1, *supra*. | "1. Any party bringing a legal claim based on the party's prospective, current or former employment with the College shall sign an authorization instructing all of the party's current and former employers to release, upon the request of any party to the arbitration, all employment and personnel records pertaining to the releasing party.<br>2. Any party bringing a legal claim or asserting damages that includes allegations that the party has suffered from any physical, mental, emotional or similar condition, injury, or harm shall sign an authorization instructing all of the party's current | Broad releases of records pertaining to medical and employment history cannot be mandated when party opposing release voluntarily provides relevant records.  *See, e.g., Williams v. Carnival Corp.*, No. 18-21654-CIV, 2020 WL 854809, at *3 (S.D. Fla. Feb. 11, 2020).<br><br>Confidential communications between a psychotherapist and a patient are generally protected from disclosure. *See Jafee v. Redmond*, 518 U.S. 1, 15 (1996).  A plaintiff only seeking "garden variety" emotional distress damages does not waive this protection from disclosure.  *See  Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 553 (N.D. |

| | | | |
|---|---|---|---|
| | | and former medical providers, counselors, or other individuals or entities that have provided medical-related treatment or counseling to the party to release, upon the request of any party to the arbitration, all records pertaining to the releasing party.<br>3. The Arbitrator may, upon request, order any party to sign an authorization for the release of records or other items that are shown to likely contain information relevant to the matters at issue in the arbitration. In determining whether to order a party to provide an authorization for the release of records or other items, the Arbitrator shall give substantial weight in favor of the request if the information sought would be obtainable by the party in federal district court through a subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure.<br>4. A party may petition the Arbitrator for a protective order to limit or eliminate an authorization for the release of records required or permitted by these Procedures. Such petitions generally shall be governed by Rule 26(c) of the Federal Rules of Civil Procedure." APM at §§ VII(B) | Ga. 2001) (collecting cases). Furthermore, for a medical examination, defendant must show "good cause." This is not met by showing "'mere relevance to the case … but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Id.* (quoting *Robinson v. Jacksonville Shipyards, Inc.*, 118 F.R.D. 525, 527 (M.D.Fla.1988))<br><br>Requests for prior employment records will be denied based on speculative claims of relevancy. *See, e.g., Bahrami v. Maxie Price Chevrolet-Oldsmobile Inc.*, No. 1:11-CV-4483-SCJ-AJB, 2013 WL 3800336, at *4 (N.D. Ga. June 19, 2013) (collecting cases). |

| | | | |
|---|---|---|---|
| | | Importantly, this rule shifts the burden to the plaintiff to show via a protective order motion why these broad releases are not supportable, rather than placing the burden on the defendant to show why the materials would be relevant. *See, e.g., Williams v. Carnival Corp.*, No. 18-21654-CIV, 2020 WL 854809, at *1 (S.D. Fla. Feb. 11, 2020) | |
| 12. Service of papers | Not indicated. | "All papers to be served on the other parties to the arbitration may be served by personal delivery, by first class mail, or by delivery using a commercial overnight delivery service. If a commercial overnight delivery service is used, the papers must be designated to be delivered within no more than three business days."  APM at § XIV | ECF filing "constitutes service of the filed documents on registered users." L.R. 5.1(A)(3) |
| 13. Identification of witnesses | Not indicated. | "A witness called by a party to testify at the arbitration hearing must have been identified during discovery in response to interrogatories or other disclosures. The failure to identify a witness during discovery shall preclude the party from calling the witness at the arbitration hearing, unless the party can demonstrate to the Arbitrator a substantial justification for the failure." APM at VII(B)(5). | "Rebuttal witnesses are a recognized exception to all witness disclosure requirements… ." *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1320 (11th Cir. 2019) (quoting *United States v. Windham*, 489 F.2d 1389, 1392 (5th Cir. 1974)) |

| | | | |
|---|---|---|---|
| | | The rule does not create an exception for rebuttal witnesses. | |
| **14. Applicable ADRPA/APM** | "SCAD retains the right to modify or terminate this ADRPA and the Arbitration Procedures on thirty days' written notice. The policy, if any, in effect at the time a request for mediation and/or arbitration is initiated, will govern the process by which the Dispute is resolved." ADRPA at 36. | "SCAD retains the right to modify or terminate this ADRPA and the Arbitration Procedures on thirty days' written notice. The policy, if any, in effect at the time a request for mediation and/or arbitration is initiated, will govern the process by which the Dispute is resolved." ADRPA at 36. | Not applicable. |